IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| WAYNE E. CHILDERS, LINDA VANDEUSEN, )<br>and ADVOCATES FOR DISABLED )<br>AMERICANS, ) | C.A. No. 0:06-897-CMC-BM |
| ) | |
| Plaintiffs, ) | |
| ) | OPINION AND ORDER |
| ) | ON MOTION FOR |
| ) | SUMMARY JUDGMENT |
| COUNTY of YORK SOUTH CAROLINA, ) | |
| ) | |
| Defendant. ) | |
| _____) | |

This matter is before the court for review of the Report and Recommendation ("Report") entered on November 26, 2007.[1] For the reasons set forth below, the court adopts the Report to the extent it recommends granting of Defendant's motion for summary judgment as to the claims of Plaintiffs Linda Vandeusen (Vandeusen) and the organizational Plaintiff Advocates for Disabled Americans (AFDA). The court further adopts the Report to the extent it recommends limiting any damages claims by Plaintiff Wayne Childers (Childers) based on application of the statute of limitations and denial of summary judgment in other respects.

The court modifies its acceptance of the last recommendation by reopening discovery to allow for the deposition of Childers. Following that deposition, Defendant York County may, if appropriate, renew its motion for summary judgment pursuant to the schedule set forth at the conclusion of this order.

---

[1] The deadlines for objection to the Report were extended twice at the request of the parties, resulting in a January 16, 2008 objection deadline. Both sides filed objections on that date. Briefing was completed on February 8, 2008, with Plaintiffs' submission of a response to Defendant's objection.

**STANDARD**

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with this court. *See Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The court is charged with making a *de novo* determination of those portions of the Report and Recommendation to which specific objection is made, and the court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge or recommit the matter with instructions. *See* 28 U.S.C. § 636(b)(1). The court reviews only for clear error in the absence of an objection. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of a timely filed objection, a district court need not conduct a *de novo* review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'") (quoting Fed. R. Civ. P. 72 advisory committee's note).

**BACKGROUND**

This court adopts the "Background and Evidence" section of the Report. The brief outline below, which focuses on Childers' claims, is provided for ease of reference.

Through this action, Plaintiffs challenge Defendant York County's compliance with the Americans with Disabilities Act (ADA), 42 U.S.C. § 12101, *et. seq*., and the Rehabilitation Act of 1973, 29 U.S.C. § 791, *et. seq*. Specifically, they allege that Defendant County of York South Carolina ("York County") violates both Acts by failing to make the Historic York County Courthouse ("York Courthouse") accessible to handicapped persons. Plaintiffs seek injunctive relief as well as monetary damages as a result of the alleged deficiencies.

York County concedes that the building itself is not ADA compliant. It also concedes that the Courthouse is in need of major renovations, including but not limited to renovations necessary to allow for better access for disabled persons. It has submitted uncontroverted evidence that the extent of the renovations necessary and limited availability of funds precludes immediate correction of these deficiencies. *See* Report at 3-6.

York County does not, however, concede that it has failed to comply with the ADA and Rehabilitation Act. Instead, it argues that it has provided services through appropriate alternative means. This includes providing tax records relating to real property (the specific records to which Childers' claims relate) through an on-line database. York County will also provide such records to disabled individuals by facsimile upon request.

York County has provided a sampling of the information available on-line as well as a supporting affidavit. Together, the evidence relating to the on-line services supports the conclusions that the relevant records have been available on-line since 2002 and include at least three years worth of information. York County has also submitted evidentiary support relating to its facsimile method of providing services. This evidence includes an affidavit and copies of facsimile records reflecting numerous requests from Childers for facsimile transmission of records. These records include notations as to the time of each response.

Absent other admissible evidence suggesting that the on-line information is not as extensive as is indicated by the above evidence *and* that the response time for facsimile transmissions is either falsely stated or otherwise inadequate to serve Childers' needs, this evidence would appear to require judgment in York County's favor as to the adequacy of its alternative means of providing services. For the reasons explained in the Report, a determination that the alternative means of

3

providing services is adequate would require judgment in Defendant's favor regardless of the current condition of the building.

Childers is a residential real estate appraiser and needs the subject tax records to complete his appraisals. He argues that both of York County's alternative means of delivering these records are inadequate to meet his needs. He supports this claim with a June 7, 2007 certification which reads, in full, as follows:

1. My name is Wayne E. Childers and I hereby certify as follows:

2. I read the material facts in the above matter and they are true to the best of my knowledge.

3. The proposed accommodations by the Defendant are not adequate in that they take up to two days and in the past up to four days to supply what I need.

4. The computer limitation is not adequate because it only supplies one year of records. I need at least three years to properly conduct my job.

I certify under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Dkt No. 33-12. This certification is unsworn but is signed under penalty of perjury. While not a formal affidavit, the above-quoted certification would appear to be enough to constitute a prediction of admissible evidence in the form of Childers' testimony to these same statements.

The record also contains a copy of Childers' September 18, 2006 discovery responses. These responses were filed by York County and include a September 12, 2006 letter signed by Childers which is addressed "To whom it may concern." The letter states that Childers' disability and resulting inability to access needed records in the Courthouse have "existed over several years." He explains: "The tax assessors office originally would fax me the property card then there were changes in the tax and county manager['s] office and they would not fax the property card to me in

4

a timely manner, which . . . should be one to six hours." Dkt No. 27-7 at 4.[2]

This letter also includes Childers' sole response to Defendant's request that he provide support for his claim for damages. Childers states that York County's failure to provide access to the Courthouse or reasonable alternative services has resulted in his loss of three to five York County appraisals per week for forty-eight weeks per year over a period of five years.[3] He values each of these lost appraisals at $345 and, based on that valuation, calculates resulting damages of $248,400. *Id.* He does not provide any other detail or support for his claim of financial losses despite Defendant's challenge to the adequacy of such proof in its motion for summary judgment.[4]

---

[2] Childers relies on this letter as support for his claim that the records must be delivered within six hours for the alternative means of delivery to be adequate. The letter is not, however, sworn or offered under penalty of perjury. It does not, therefore, constitute a prediction of admissible evidence.

[3] The five-year period covered by this calculation is beyond the period for which damages would be allowed under the applicable statute of limitations. The method of calculation might, however, be applied to a shorter period assuming it otherwise provides an adequate basis for calculating damages.

[4] For example, Childers does not indicate the extent to which he was able to replace work not done in York County with work in other counties during the same period of time. Given Childers' own explanation of his condition and the physical toll taken by each appraisal, it is reasonable to assume that there is a limit to the number of appraisals he is able to conduct in a given week. Dkt No. 27-7 at 4 ("I do walk and measure the house I am appraising . . . . [M]ost times when I go back to my truck I have to rest and *quite frankly it is all I can do to drive home*."– emphasis added). His disability status under the Social Security Act would, likewise, lead to the assumption that his ability to work is severely limited. *See* Dkt No. 33-9 (statement by Childers' treating physician that Childers "has been on social security disability since 1988"). Childers' limitations also suggest that Childers receives at least some benefit from the alternative delivery which he would not receive if he had to obtain the documents at an ADA compliant building including travel time and related effort and expense for transport from his home in North Carolina or the site of the home being appraised to the appropriate office within the York County courthouse or other building to which the records might be transferred. Without such clarification, the claim of damages from lost appraisals is too speculative to allow.

5

**REPORT AND RECOMMENDATION**

The Report recommends that this court grant Defendant's motion for summary judgment as to the claims asserted by Plaintiffs Linda Vandeusen and Advocates for Disabled Americans (AFDA). This recommendation is based on these Plaintiffs' failure to proffer evidence of prior usage within the relevant time frame or other grounds which would support standing. In reaching these conclusions as well as in regard to Childers' claims, the Report addresses the applicable statute of limitations.

The Report recommends denial of the motion to the extent it seeks complete summary judgment on Childers' claims. This recommendation is based on the conclusion that Childers has presented sufficient evidence to allow a reasonable fact finder[5] to conclude that he: (1) continued to access Defendant's facilities to obtain information from the Assessor's office during the relevant statutory period; (2) has a disability as defined in the underlying Acts; (3) is otherwise qualified for the benefit in question, and (4) was excluded from those benefits due solely to his disability.

The first of these conclusions relates to the statute of limitations defense. The remaining three conclusions relate to the substantive elements of Childers' discrimination claims. Only the fourth element, exclusion from benefits due to disability, is critical to the present order. As to this element, the Report acknowledges that the regulations implementing Title II generally do not require substantial changes to existing buildings such as the historic Courthouse at issue in this action. Dkt No. 49 at 14. The service provider may, instead, operate its programs, services and activities in such a manner that, when viewed in its entirety, the manner of operation makes the programs, services and

---

[5] The parties have agreed that any portion of the case which survives summary judgment should be tried nonjury. See Dkt No. 27-2 n.1.

activities readily accessible to and usable by individuals with disabilities. Report at 15 (citing 28 C.F.R. § 35.150(a)).[6]

The Report concludes that there is a genuine issue of material fact as to the adequacy of York County's alternative means of delivery of the relevant service. This conclusion is based on Childers' claims that: (1) he needs the information within one to six hours but that York County sometimes takes two to four days to fax a response; and (2) the on-line records are limited to one year while his work requires review of records from the past three years. *See* Childer's Certification & September 12, 2006 letter (discussed above).

## RESPONSE AND OBJECTION

Plaintiffs responded jointly to the Report noting that they do not oppose the recommendations. Plaintiff Vandeusen does, however, request that she be allowed to supplement the record for the purpose of preserving her right to seek relief *in some future or separate action.*[7] She concedes, nonetheless, that she did not provide the relevant information in a timely manner in this action and, due to that failure, does not oppose entry of summary judgment. Plaintiffs' response does not mention Plaintiff AFDA. That Plaintiff is, therefore, presumed not to object to the Report.

Plaintiffs also noted disagreement with the Report's conclusion as to the applicable statute of limitations. They do not, however, indicate an objection to any ultimate recommendation based on the statute of limitations analysis. In any event, the court agrees with and adopts the reasoning and

---

[6] As noted above, York County acknowledges that a disabled person cannot easily access the physical records in the Assessor's office due to the structure of the building. Thus, the inaccessability of the structure in which the physical records is housed is not in dispute. Instead, York County maintains that it has made the services available through easily accessible alternative means.

[7] This court declines to address the impact of this supplementation on any future action which Vandeusen may file.

7

conclusion of the Magistrate Judge regarding the applicable limitations period.

York County filed an objection in which it challenges the recommendation that Childers' claims be allowed to proceed to trial. It characterizes the "evidence" in support of Childers' claims as "unsupported allegations [which are] disproved by indisputable documentary evidence presented by defendant." Dkt No. 60 at 1. York County argues, *inter alia*, that Childers' assertions are too conclusory to be treated as more than a mere scintilla of evidence, particularly when challenged by specific and well-supported contrary evidence. It further maintains that the tax records at issue are fully accessible to Childers in response to his facsimile requests and via the county's website. Defendant also suggests that the court may take judicial notice of what is on the website and attaches numerous pages of print outs which suggest that information for multiple years is available.

Plaintiffs responded to Defendant's objections, primarily by repeating arguments from their earlier memorandum in opposition to summary judgment. Those arguments, which focus on the underlying purposes of the ADA and the condition of the Courthouse, are largely irrelevant to the issues raised in Defendant's objection. These issues focus on the adequacy of York County's efforts to provide the relevant services to Childers by alternative means. Childers does not, for instance, direct the court to any specific evidence which would provide greater detail or evidentiary support for: (1) his assertion that he needs the information within one to six hours of his request and has been harmed by Defendant's failure to make more timely delivery; (2) that it may take two to four days to receive a response to a facsimile request; or (3) that the on-line database supplies (or during any relevant period supplied) records for less than three years.

The closest Plaintiffs come to responding to the specific objections is found in a "certification" provided by Childers' attorney. That certification analyzes a small sampling of Defendant's proferred records of Childers' requests for information via facsimile. Of the six requests covered by this

8

sampling, two were responded to within the same business day (within five and seven hours respectively). The remaining five were responded to on the business day following the request. The slowest of the six responses was provided within twenty-eight hours.

## DISCUSSION

York County's objections raise a single central issue: whether Childers' proffered prediction of admissible evidence is sufficient to raise a genuine issue of material fact as to the adequacy of Defendant's alternative means of delivering services to Childers. The court agrees that Childers' evidence is, at best, weak.

As noted above, the only document which might be treated as a sworn statement is Childers' June 7, 2007 certification. *See supra* at 4. Only the third and fourth items listed in that certification contain any express or implied statements of fact based on first-hand knowledge and these statements are largely conclusory and lacking in any significant detail. For example, Childers' third item states only that, at some unspecified point in time, it has taken Defendant up to four days to provide faxed records. Childers does not indicate if such a delay ever occurred within the relevant period, or the circumstances or frequency of any such delay.[8] This statement is, therefore, insufficient to raise any genuine issues of material fact, particularly when viewed in the context of York County's unchallenged documentary evidence of its actual response times during the relevant period. The reference to a lag time of "up to two days" appears to refer to a more current time frame, although the precise time frame or frequency of the vaguely stated delay is not provided.[9] Neither is it clear from

---

[8] Under some circumstances, a four day response time could still be prompt. For example, a request faxed to Defendant late on a Friday before a three day weekend, would clearly be prompt if the response was provided early on the following Tuesday morning. The circumstances are, therefore, critical.

[9] A lag time of "up to two days" is not, in any event, a lag time of two days. Indeed, it suggests that the lag time is generally less. In any event, it is not clear how Childers calculates any

this statement what injury, if any, would flow from an occasional (or even frequent) two-day lag time. Thus, Childers statements as to lag time, at best, raise the possibility that he will offer sufficiently detailed evidence to support his claims of a two-day lag time.

It is of particular note that Childers' June 7, 2007 certified statement does not challenge the veracity of Defendant's summary of the documentary evidence as set forth in its May 7, 2007, motion for summary judgment. This summary and supporting documentation indicate that Plaintiff made forty-one requests for tax records from February 10, 2005, to March 26, 2007. Slightly over half of these were, according to Defendant's evidence, responded to the same day. Slightly less than half were responded to on the following business day. No responses were delayed more than a few hours beyond a full business day.

There is, likewise, no proffer of admissible evidence to support Childers' apparent alternative position that a delay of one business day would result in any harm. The only suggestion of any such "evidence" is Childers' unsworn statement indicating his subjective opinion that, to be "timely" the facsimile response should arrive within one to six hours. Dkt No. 27-7 (Childers' discovery responses). Even if treated as a prediction of admissible evidence, it is questionable whether this general statement of what Childers' views as "timely" would be sufficient to support a finding of untimeliness under any objective standard or, perhaps more critically, that Childers made known any concern with a one-day turn around time at any point prior to instituting this litigation. There is no evidence proffered as to the adequacy of York County's current response time.

In light of the above, the court concludes that Childers has proffered, at most, slightly more than a scintilla of evidence in support of his claims. To the extent this evidence exceeds a scintilla,

---

two-day lag time. It is possible he includes delivery a full business day after the request within this description.

10

it is only because of specific inferences which might be drawn from a generous reading of Childers' very general statements of fact or an assumption that he might, at trial, provide detailed testimony to support his very general claims as stated in his certification. As noted above, any inferences or future testimony which might support Childers' claims would be contrary to the more detailed affidavits and documentary evidence presented by York County.

Thus, the court will take the extraordinary step of denying the motion for summary judgment as to Childers' claim while, *sua sponte,* reopening discovery for the limited purpose of allowing a deposition of the witnesses on whose affidavits York County relies and Childers. These depositions shall be limited to the subject matters covered by any affidavits, certifications, or other evidence offered by the witnesses in support of or in opposition to the present motion for summary judgment as well as any claim for damages by Childers.

The court will allow sixty days for completion of this discovery. Either party may file dispositive motions within fourteen days following the conclusion of this discovery. In the event no such motion is filed, the matter shall proceed to trial under the following schedule:

1.  Mediation, pursuant to Local Civil Rules 16.04 – 16.12, shall be completed **within four weeks following the motions deadline.** *See* Standing Order to Conduct Mediation 4:00-mc-5001, which sets forth mediation requirements and is found on the court's website under Judge Currie's forms (http://www.scd.uscourts.gov).

2.  **Within two weeks following the mediation deadline**, the parties shall file and exchange Fed. R. Civ. P. 26(a)(3) pretrial disclosures. Within fourteen (14) days thereafter, a party shall file and exchange Fed. R. Civ. P. 26(a)(3) objections, any objections to use of a deposition designated by another party and any deposition counter-designations under Fed. R. Civ. P. 32(a)(4). *See* Local Civil Rule 30.03(J) (video deposition additional requirements).

3.  **Within five weeks** following the mediation deadline, the parties shall furnish the court pretrial briefs.[10] Attorneys shall meet at least five (5) business days prior to the date set for submission of pretrial briefs for the purpose of exchanging and marking all exhibits. *See* Local Civil Rule

---

[10] Judge Currie requires that pretrial briefs be filed with the Clerk of Court as part of the public record and served on opposing parties.

11

26.07. Counsel shall advise the court of the anticipated length of trial and shall file any motions in limine by this deadline.

4. The court will establish a date for nonjury trial after receipt of the pretrial briefs.

## CONCLUSION

For the reasons set forth above, the Report and Recommendation is adopted and Defendant's motion for summary judgment is granted as to the claims of Linda Vandeusen and Advocates for the Disabled but is denied as to the claims of Wayne Childers except as regards application of the statute of limitations to limit damages. Discovery is reopened and the matter shall proceed under the schedule set forth above.

**IT IS SO ORDERED.**

    s/ Cameron McGowan Currie
CAMERON MCGOWAN CURRIE
UNITED STATES DISTRICT JUDGE

Columbia, South Carolina
February 26, 2008

C:\Documents and Settings\Glp59\Local Settings\Temp\notesE1EF34\06-897 childers partial adopt R&R.wpd