IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| WAYNE E. CHILDERS, LINDA VANDEUSEN, and ADVOCATES FOR DISABLED AMERICANS,<br><br>    Plaintiffs,<br><br>COUNTY of YORK SOUTH CAROLINA,<br><br>    Defendant. | C.A. No. 0:06-897-CMC-BM<br><br>**OPINION AND ORDER** |

This matter is before the court on Plaintiff's motion for new trial filed pursuant to Rule 59 of the Federal Rules of Civil Procedure. For the reasons stated below, the motion is **denied.**

**STANDARD**

A trial court may only grant a new trial under three specific conditions: the verdict (1) "is against the clear weight of the evidence; (2) is based on evidence which is false; or (3) will result in a miscarriage of justice, even though there may be substantial evidence which would prevent the direction of a verdict." *Dennis v. Columbia Colleton Med. Ctr., Inc.*, 290 F.3d 639, 650 (4th Cir. 2002) (citing *Knussman v. Maryland*, 272 F.3d 625, 639 (4th Cir. 2001)).

**DISCUSSION**

Plaintiff asserts that he is entitled to a new trial on two grounds: (1) the court should have awarded damages for non-economic harm; and (2) the court erred in "not holding that Defendant violated 28 C.F.R. § 35.130[(b)(1)](ii) by not providing equal treatment." Dkt. No. 93.

Plaintiff's first argument is that "the court erred in holding damages are limited to economic [loss]," noting that "damages in civil rights cases are not limited to economic loss." Dkt. No. 93 at

2. However, the court did not hold that any award of damages would be limited to Plaintiff's economic loss. The court found that Defendant committed no violation to give rise to damages, and even if there was a violation, Plaintiff failed to adequately prove that he suffered any actual injury, economic or otherwise. Dkt. No. 91 at 8.

Plaintiff's second argument is that because the faxing of records from Defendant to Plaintiff often takes several hours, and sometimes takes a day or more, he is treated unequally to other citizens who, upon arrival at the assessor's office, can access the tax cards in "seven minutes." Dkt. No. 93 at 3. The arguments advanced by Plaintiff on this issue were or could have been made at trial, and were considered and rejected by the court. Furthermore, as thoroughly addressed in the court's order, Dkt. No. 91, the court found that the collective availability of opportunities for Plaintiff to obtain partial tax information online or requested tax card records either by facsimile or through the curb-side service provide access that satisfies relevant legal standards. Plaintiff has provided to the court no basis for modifying its earlier conclusion, and the court declines to do so.

Finally, Plaintiff asserts that Defendant engaged in "trial by ambush" in presenting evidence regarding planned renovations to the historic courthouse and the availability of curbside service to Plaintiff and other individuals who are unable to enter the courthouse. Dkt. No. 74 at 1. Though Plaintiff makes no legal argument regarding this assertion, the court will address it nonetheless. While the specific time line of York County's formal plans to renovate the courthouse, including the Assessor's office, may have been presented for the first time at trial, Plaintiff knew or should have known that Defendant had developed plans to renovate the facility. The general renovation plans, encompassing more than improvements to the courthouse's accessibility, were discussed in the affidavit of David Larson, the York County Assistant County Manager (at that time also the Interim

County Manager). Dkt. No. 27-2 at 3-8. Mr. Larson's affidavit was admitted into the trial record by agreement of the parties. Furthermore, Defendant discussed the County's renovation plans at length it is memorandum in support of summary judgment. Dkt. No. 27-2 at 2-5. Similarly, the availability of curb service was, at the very latest, made known to Plaintiff in Mr. Larson's affidavit. *Id.* at 8. Thus, Plaintiff's assertion of "trial by ambush" is without merit. For the foregoing reasons, Plaintiff's motion is denied.

    IT IS SO ORDERED.

                                                    S/ Cameron McGowan Currie
                                                    CAMERON MCGOWAN CURRIE
                                                    UNITED STATES DISTRICT JUDGE

Columbia, South Carolina
July 16, 2008